UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.

CEDRICK MICHAEL DUPREE,

                Defendant.

Case No. 2:23-cr-20186

HONORABLE STEPHEN J. MURPHY, III

_____/

**OPINION AND ORDER**
**DENYING MOTIONS FOR COMPASSIONATE RELEASE [41, 45]**

After Cedrick Michael Dupree pleaded guilty to distribution of a controlled substance (five grams or more of methamphetamine) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii), the Court sentenced him to 67 months' imprisonment. ECF No. 37, PageID.260–261. It did so even though Dupree faced a guidelines range of 100 to 125 months. ECF No. 47, PageID.309. Dupree then filed two separate motions for reductions of his sentence—commonly referred to as motions for compassionate release—under 18 U.S.C. § 3582. ECF Nos. 41, 45. For the reasons below, the Court must deny both motions.

**LEGAL STANDARD**

Section 3582(c)(1)(A) allows district courts to grant compassionate release if a prisoner meets three requirements. *United States v. McCall*, 56 F.4th 1048, 1053–54 (6th Cir. 2022) (en banc). First, "extraordinary and compelling reasons" must warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Second, the reduction must be

"consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). Third, the Court must consider any applicable § 3553(a) factors. *Id.* If any prerequisite is not met, the Court must deny the motion and need not address the other factors. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

## DISCUSSION

Dupree filed two motions for compassionate release. Neither stated an extraordinary and compelling reason for a sentence reduction. In addition, even if Dupree could point to an extraordinary and compelling circumstance, the Court would still deny compassionate release because relief is not warranted under the § 3553(a) factors.

I.    Lack of Extraordinary and Compelling Circumstances

First, Dupree failed to point to an extraordinary and compelling circumstance. Dupree has "the burden of showing that an extraordinary and compelling reason supports a reduction in sentence." *See United States v. Shy*, No. 15-20652-13, 2023 WL 2795312, at *2 (E.D. Mich. Apr. 5, 2023). The Guidelines Manual provides six categories of circumstances that may be considered "extraordinary and compelling," concerning (1) Defendant's medical condition; (2) Defendant's age; (3) family circumstances; (4) whether defendant was a victim of abuse; (5) other reasons; and (6) unusually long sentences. U.S.S.G. § 1B1.13(b).[1] Dupree's initial motion cited

---

[1] Unusually long sentences are not currently a viable basis for granting a motion for compassionate release in the Sixth Circuit. *See United States v. Bricker*, 135 F.4th 427, 430 (6th Cir. 2025) (holding that U.S.S.G. § 1B1.13(b)(6) is invalid), *petition for cert. filed*, 25-81 (July 18, 2025).

medical circumstances and family circumstances as reasons for compassionate release. ECF No. 41, PageID.278–279. His follow-up motion cited his lawyer's failure to move for a drug purity test. ECF No. 45, PageID.301. None of the circumstances, however, pass muster.

### A.    Medical Circumstances

Under § 1B1.13(b)(1)(B), serious "physical or medical condition[s]" are extraordinary and compelling only if they "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Meanwhile, under § 1B1.13(b)(1)(C), a defendant's medical conditions do not rise to the level of extraordinary and compelling unless the defendant suffers "from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." Thus, even serious medical conditions do not, on their own, constitute an extraordinary and compelling circumstance. *See United States v. Jobalia*, No. 1:18-cr-87, 2022 WL 16767967, at *5 (S.D. Ohio Nov. 8, 2022) (concluding that hypertension, liver disease, liver cirrhosis, a history of smoking, anxiety, depression, and physical inactivity "do not rise to the rare and extraordinary level sufficient to warrant compassionate release"), *aff'd*, No. 22-4015, 2023 WL 8613528 (6th Cir. Aug. 23, 2023).

Although Dupree invoked both § 1B1.13(b)(1)(B) and § 1B1.13(b)(1)(C), neither apply. Dupree's medical conditions include chest pain, heart pain, numbness, "heart murmur, sleep [apnea], short term memory loss, ADD, bipolar, PTSD, schizophrenia,

manic [depression], [anxiety], brain contusions," and prediabetes. ECF No. 41, PageID.293. The Court considered most of those ailments at sentencing because they were included in the final presentence report. ECF No. 29, PageID.203–205. Today, according to the medical records submitted by the Government, the conditions are being managed. For example, months before filing his motion, Dupree received medical care for self-reported chest pain. ECF No. 55-1, PageID.371–373. He also takes prescription medications and has access to various mental health services. ECF No. 55-2, PageID.433. Based on the extensive medical records, the Court finds that Dupree can manage his conditions and that he is not missing out on any care without which he risks "serious deterioration in health or death."

### B.    Family Circumstances

Next, Dupree pointed to family circumstances. He argued, without explanation, that his "wife is having medical conditions thats stop[p]ing her from being able to handle 4 children with 2 having mental illnesses to care for." ECF No. 41, PageID.293. He also mentioned a 19-year-old son who is homeless and is recovering from being shot in the leg. *Id.* at PageID.294; ECF No. 53, PageID.349.

Under § 1B1.13(b)(3)(A), "[t]he death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition" can constitute an extraordinary and compelling circumstance. But Dupree's motion does not meet the standard. For one, Dupree did not allege that his wife is dead or incapacitated. Though Dupree alludes to undefined "medical conditions," most

4

medical conditions do not result in incapacitation. In addition, although it appears that Dupree's adult son is going through a challenging period, Dupree has not established that he is incapable of self-care. As a result, the Court finds that Dupree's family circumstances do not meet the threshold for an extraordinary and compelling circumstance that justifies compassionate release.

### C.     Counsel's Performance

Finally, Dupree argued that his counsel's failure to move for testing of the methamphetamine is an extraordinary and compelling circumstance that warrants compassionate release. Drug testing does not fall within any of the extraordinary and compelling circumstances enumerated by the Guidelines. *See* U.S.S.G. § 1B1.13. Even so, the performance of Dupree's counsel cannot count as an extraordinary and compelling circumstance for an even more fundamental reason: it existed at the time of sentencing. And the Court cannot grant compassionate release based on "facts that existed at sentencing." *United States v. Hunter*, 12 F.4th 555, 570 (6th Cir. 2021). To the extent that Dupree seeks to challenge his counsel's performance leading up to sentencing, he should proceed in habeas—not compassionate release.[2]

---

[2] The Court will not construe Dupree's motion as a habeas petition. It is clearly brought under 18 U.S.C. § 3582—not 28 U.S.C. § 2255. *See* ECF No. 45, PageID.301. And the motion does not comply with Rule 2 of the Rules Governing Section 2255 Proceedings because it is not "in the form of a motion to vacate, set aside, or correct the sentence."

II.    § 3553(a) factors

Even if Dupree could point to an extraordinary and compelling circumstance, the Court would still deny the motions because the § 3553(a) factors do not warrant release.

To begin, "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), weigh heavily against granting the motion. Dupree is a convicted drug dealer. Over multiple months in 2021, law enforcement bought thousands of dollars' worth of cocaine, heroin, and methamphetamine from Dupree. Police also found Dupree at a house with traces of an off-white powdery residue in a toilet, a 9mm magazine, a digital scale, suspected crack cocaine, and sandwich baggies. Two young children were present. ECF No. 29, PageID.179–181.

Nor was this case Dupree's first brush with law enforcement. Dupree's criminal history includes the following convictions: domestic violence (2007), aggravated stalking (2009), assault and battery (2010), domestic violence (2012), assault with a dangerous weapon (2015), malicious destruction of personal property (2018), among many others. *Id.* at PageID.184–199.

Given the seriousness of the offense conduct and Dupree's criminal history, the Court could have given Dupree a higher sentence. Dupree faced a five-year mandatory minimum, and his guidelines range was 100 to 125 months' imprisonment. ECF No. 47, PageID.308–309. Similar defendants in cases involving methamphetamine have received an average sentence of 99 months' imprisonment

6

and a median sentence of 108 months' imprisonment. ECF No. 29, PageID.216. Nevertheless, the Court was moved by Dupree's history of mental illness and difficult childhood, and it sentenced him to 67 months' imprisonment. That generous sentence showed compassion but also reflected the seriousness that is appropriate for someone who, time and time again, has disrespected the law and—in the instant case— polluted the community with drugs. *See United States v. Smith*, No. 21-6242, 2022 WL 18144101, at *2 (6th Cir. Dec. 16, 2022) ("[W]e have repeatedly held that a district court does not abuse its discretion when it denies compassionate release based on the seriousness of the underlying offense and the defendant's criminal history.").

At bottom, Dupree did not demonstrate why the Court should depart from its previous balancing of the § 3553(a) factors. Courts presume that the "initial balancing of the § 3553(a) factors during [a defendant's] sentencing remains an accurate assessment as to whether those factors justify a sentence reduction." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021). As a result, Dupree must "make a compelling case as to why the sentencing court's § 3553(a) analysis would be different if conducted today." *Id.* The Court already considered most of Dupree's medical issues at sentencing. Any new issues (medical or otherwise) are not enough to alter the Court's initial balancing of the § 3553(a) factors. Early release would not only undermine respect for the rule of law but also threaten the safety of the community.

Thus, after considering all relevant § 3553(a) factors and all evidence of record, the Court finds that compassionate release is not warranted. The Court will therefore deny the motions.

**WHEREFORE**, it is hereby **ORDERED** that the motions for compassionate release [41, 45] are **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 14, 2026

8